Case 2:19-cv-01268-RRM-LB   Document 29   Filed 10/30/19   Page 1 of 4 PageID #: 74

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   OCT 30 2019   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
APRIL SUMMERS,
               Plaintiff,

-against-

SUFFOLK COUNTY SHERIFF
DEPARTMENT, ERROL D. TOULON, and
CO JOHN DOE, *Badge #1688*,
               Defendants.
----------------------------------------------------------X

APRIL SUMMERS,
               Plaintiff,

-against-

CO ALEX MYLETT, *#1378*, CO PETER
LAMBERT, *#1931*, CORRECTIONS LIEUTENANT
ROBERT PERAINO, SC SHERIFF'S DEPT.,
NURSE JANE DOE, SC SHERIFF ERROL D.
TOULON, NURSE JANE DOE, CORRECTIONS
SERGEANT PAUL SPINELLA, PA JEANETTE, and
DR. VINCENT DEGRASI,
----------------------------------------------------------X

APRIL SUMMERS,
                 Plaintiff,

-against-

ERROL D. TOULON, *Suffolk County Sheriff*, CO JOE
RUSSO, *Badge #1597*, CO DONALD MATTHEWS, and
SERGEANT MICHAEL SARMIENTO,
               Defendants.
----------------------------------------------------------X

**REPORT & RECOMMENDATION**
**19 CV 136 (RRM)(LB)**

**19 CV 1268 (RRM)(LB)**

**18 CV 7472 (RRM)(LB)**

**BLOOM, United States Magistrate Judge:**

    These three civil rights cases have been referred to me for all pretrial purposes. *Pro se* plaintiff failed to appear at two Court-ordered initial conferences in this matter and has not contacted the Court or defendants' counsel to request an adjournment or to explain her absence.

1

Prior to the rescheduled initial conference, the Court warned plaintiff (ECF Nos. 29, 27, 36) that if she failed to timely appear in court on October 30, 2019, I would recommend that her cases should be dismissed under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A). Accordingly, in light of plaintiff's failure to contact the Court and her failure to appear at two Court-ordered conferences, it is respectfully recommended that plaintiff's three civil rights cases should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff filed these three *pro se* civil rights cases on January 7, 2019, March 4, 2019, and December 27, 2018. Plaintiff's three complaints involve allegations against several officers while she was an inmate at Suffolk County Correctional Facility. The Court scheduled an initial conference for September 18, 2019. (ECF Nos. 25, 23, 29). On September 18, 2019, plaintiff failed to appear for the initial conference. Plaintiff failed to contact defendants' counsel or the Court to request an adjournment. By Order dated September 18, 2019 (ECF Nos. 29, 27, 36), plaintiff was ordered to show good cause why she failed to appear for the Court conference on September 18, 2019. The Court's Order rescheduled the initial conference for October 30, 2019 and gave plaintiff another chance to timely appear. The Order explicitly warned plaintiff that if she failed to timely appear at 10:30 a.m. on October 30, the Court would recommend that plaintiff's three civil rights cases should be dismissed. The Court's September 18, 2019 Order was sent to plaintiff's last known address and has not been returned to the Court.

Defendants' counsel appeared for both the September 18 and the October 30, 2019 conferences, but plaintiff failed to appear. Moreover, plaintiff failed to contact defendants' counsel or the Court to request an adjournment of either conference and has failed to contact the Court since she failed to appear.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A),(C). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); See also Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (failure of *pro se* litigant to comply with court orders may result in sanctions, including dismissal with prejudice).

Plaintiff failed to appear on September 18, 2019 and again on October 30, 2019 for Court-ordered conferences. The Court clearly warned plaintiff that if she failed to timely appear for the October 30, 2019 conference, I would recommend that these cases should be dismissed. (ECF Nos. 29, 27, 36). Despite this warning, plaintiff failed to appear for the October 30, 2019 conference. Moreover, plaintiff failed to contact the Court or defendants' counsel before or after she failed to appear at these conferences. Plaintiff's failure to appear for two Court-ordered conferences makes it impossible to proceed in this action. This is plaintiff's action to vindicate her rights. The Court need not afford plaintiff unlimited opportunities. Plaintiff has apparently abandoned this action. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's three civil rights cases should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: October 30, 2019
Brooklyn, New York